**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CIVIL ACTION NO.**

GENERAL   ACCIDENT   INSURANCE
COMPANY   OF   AMERICA   n/k/a
ONEBEACON INSURANCE COMPANY,

    Plaintiff,

             v.

B & G INTERIORS; MARK T. GREEN; and
GORDON P. JONES IN HIS CAPACITY AS
TRUSTEE OF THE ESTATE OF CHAPTER
7  DEBTOR  FOLEY  &  ASSOCIATES
CONSTRUCTION CO., INC.,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

    Plaintiff General Accident Insurance Company of America n/k/a OneBeacon Insurance

Company ("OneBeacon"), by its attorneys, Cozen O'Connor, by way of Complaint for

Declaratory Judgment and other relief, states as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

    1.    This is a civil action for declaratory relief against Defendants pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201.

    2.    As set forth more fully below, OneBeacon seeks a declaration that it owes no

obligation to further defend or indemnify the Defendants B & G Interiors, Mark T. Green, or

Gordon P. Jones in his capacity as the Trustee of the estate of Chapter 7 Debtor Foley &

Associates Construction Co., Inc. in connection with the claims asserted against them in the civil

action captioned *Carlton Dunes Condominium Association, Inc. v. Nassau Beach Development

Venture, et al.*, Case No. 2006-CA-027, Circuit Court, Fourth Judicial District, Nassau County,

Florida ("the Civil Action"). OneBeacon is entitled to such a declaration because, *inter alia*, the claims asserted against the Defendants in the Civil Action are not covered under the terms of the OneBeacon policies (defined below), and/or are excluded from coverage under those policies. OneBeacon further seeks a declaration that, whatever the ultimate outcome of the Civil Action, such an outcome cannot have any impact on the estate of Foley.

## THE PARTIES

3.      OneBeacon is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Massachusetts. OneBeacon was, at all times relevant hereto, authorized to transact business in the State of Florida.

4.      Upon information and belief, Defendant B&G Interiors ("B&G") is or was an inactive, unregistered Florida general partnership which maintains or at all relevant times maintained its principal place of business in Florida.

5.      Upon information and belief, Defendant Mark T. Green ("Green") is an individual residing in Middleburg, Florida, and was one of the general partners of B&G.

6.      Upon information and belief, Gordon P. Jones is the Trustee of the estate (the "Foley Estate") of Chapter 7 Debtor Foley & Associates Construction Co., Inc. ("Foley"), an administratively dissolved Florida corporation, which was previously licensed and did business in the state of Florida.

## JURISDICTION AND VENUE

7.      This action is being brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties as more fully set forth below.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.   This Court additionally has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(e)(1) to the extent that the insurance policy at issue in this lawsuit constitutes in whole or in part property of the Foley Estate.

9.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because the Civil Action was filed in the State of Florida and the underlying facts alleged in the Civil Action occurred in Florida, and all of the operative events, facts and circumstances surrounding the Defendants' insurance claim have taken place within the Middle District of Florida.

10.      This Court has jurisdiction over the named Defendants because, upon information and belief, each named Defendant is a citizen of, was authorized to do business in, or resided in, the State of Florida within the time period relevant to the claims stated herein; or has transacted business within Florida by, *inter alia*, doing a series of acts in Florida for the purpose of realizing pecuniary benefit, or contracting to supply services in Florida; or has consented to the jurisdiction of this Court.

11.      An actual case in controversy of a justiciable nature exists between OneBeacon and the Defendants involving the rights and liabilities of the parties under the policies of insurance issued by OneBeacon to B&G and Green.

## THE INSURANCE POLICIES AT ISSUE

12.      OneBeacon issued policy no. MCP0933180 to B&G and Green, effective September 21, 1994 to September 21, 1997.  The policy was renewed for consecutive annual

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

periods before it was canceled on September 15, 1999 for non-payment of premiums (all policies are collectively referred to as "the Policies").

13.    Pursuant to an endorsement, effective June 23, 1998, Foley was added as an Additional Insured on the policy in effect from September 21, 1997 to September 21, 1998 ("the Additional Insured Endorsement").

14.    The Additional Insured Endorsement provides that "Who Is An Insured" under the Policies "is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of **'your work'** for that insured by or for you."

15.    The Schedule on the Additional Insured Endorsement names "Foley & Associates Construction Company, Inc., CGC000139, 4646 Carlton Dunes Drive, Amelia Island, FL 32034."

16.    A similar Additional Insured Endorsement, effective October 14, 1998, was added to the policy in effect from September 21, 1998 to September 21, 1999.  However, that endorsement lists the additional insured as "Foley & Associates Construction Company, Inc., CGC000139 Building #5, 4646 Carlton Dunes Drive, Amelia Island, FL 32034."

17.    For each year, the Policies contain a $1 million per occurrence limit, a $3 million products-completed operations aggregate limit, and a $5 million general aggregate limit.  Copies of the Policies are attached hereto as Exhibit A.

18.    On or about May 28, 2004, Foley filed a Chapter 7 bankruptcy petition in Case Number 04-05589-JAF, in the United States Bankruptcy Court for the Middle District of Florida (the "Foley Bankruptcy Case").  By operation of 11 U.S.C. §541(a), any interest of Foley in the Policies transferred automatically to, and became property of, the Foley Estate and remains property of the Foley Estate.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

Case 3:11-cv-00474-MMH-MCR   Document 1   Filed 05/13/11   Page 5 of 22 PageID 5
General Accident Insurance v. B&G Interiors, *et al.*
Complaint

## THE UNDERLYING CIVIL ACTION

19.     This declaratory judgment action seeks to determine OneBeacon's insurance coverage obligations in connection with the Civil Action, which was commenced by the Association on January 19, 2006, in the Circuit Court, Fourth Judicial District, Nassau County, Florida.

20.     On December 5, 2006, the United States Bankruptcy Court for the Middle District of Florida entered an order (copy attached as Exhibit B) granting a motion by Carlton Dunes Condominium Association ("the Association") for relief from the automatic stay to pursue its claims against Foley in the Civil Action, but only the extent of any comprehensive general liability insurance coverage that would be available to pay the Association's claims. Moreover, the Bankruptcy Court ordered that the Association could only pursue claims against the insurance proceeds and could not seek or obtain an *in personam* judgment against Foley.

21.     The Association filed an Amended Complaint on or about December 13, 2007 and a Second Amended Complaint on or about February 29, 2008.

22.     The Association filed a Third Amended Complaint on October 8, 2009. A copy of the Third Amended Complaint is attached hereto as Exhibit C.

23.     As alleged in the Third Amended Complaint, the Carlton Dunes Condominiums ("Carlton Dunes") consists of seven buildings containing ninety-eight individual condominium units, located on Amelia Island in Nassau County, Florida.

24.     According to the Third Amended Complaint, the Association was incorporated on June 4, 1999 and was originally controlled by the developer of the Carlton Dunes project, Nassau Beach Development Venture ("NBDV").

25.     Thereafter, NBDV allegedly entered into contract(s) with Foley for the construction of the seven condominium buildings at Carlton Dunes.

26.     According to the Third Amended Complaint, B&G entered into a Subcontract Agreement with Foley pursuant to which B&G was to provide labor, services and materials for metal stud framing, dens glass, insulation and drywall for Buildings 5 through 7.  B&G also allegedly performed similar work on Building 3.

27.     Upon information and belief, B&G continued to work on Buildings 3, 5, 6, and 7 after the expiration of the Policies and through most of 2000.

28.     The Carlton Dunes unit owners acquired control of the condominium from NBDV on May 22, 2001.

29.     The Association alleges that the buildings at Carlton Dunes were constructed with various defects and deficiencies and that at the time the Association was turned over to the unit owners, the defects and deficiencies described in the Third Amended Complaint were latent and undiscoverable upon reasonable inspection, and were not discovered by the Association, or by anyone acting on its behalf or by any of the unit owners until sometime within four years of the date of the filing of the Civil Action.

30.     Count I of the Third Amended Complaint alleges breach of the implied warranty of habitability and fitness against NBDV.

31.     Count II alleges a breach of the statutory implied warranty of fitness and merchantability pursuant to Florida Statute §718.203 against NBDV.

32.     Count III alleges violation of the building code pursuant to Florida Statute §553.84 against Foley and B&G, among others, claiming that the defendants violated the building codes by failing to ensure that the buildings are "leak free."  In addition to building leaks, the Association claims that the condominium was designed and constructed with various other building code violations.

General Accident Insurance v. B&G Interiors, *et al.*
Complaint

33.    Count IV alleges breach of the implied warranty requiring construction in accordance with the approved plans and specifications on file with the Building Department against NBDV.

34.    Count V alleges professional negligence against the mechanical, electrical and plumbing engineer.

35.    Count VI alleges breach of the statutorily implied warranty of fitness as to the work performed or materials supplied by Foley and B&G, among others.

36.    In Exhibit A to the Third Amended Complaint, the Association alleges the following construction defects and deficiencies:

(1)    Improper application of EIFS cladding;

(2)    Improper attachment of EIFS cladding;

(3)    Improper spacing and orientation of exterior metal studs;

(4)    Improper attachment of exterior wall sheathing;

(5)    Cracking of the EIFS exterior envelope;

(6)    Water intrusion through the EIFS exterior envelope;

(7)    Water intrusion through windows and sliding glass doors;

(8)    Sliding glass doors and windows are not anchored properly per Acorn shop drawings;

(9)    Failure to construct balcony decks with required slope for drainage;

(10)    Balcony waterproofing membrane not properly installed;

(11)    Water intrusion through balcony walls;

(12)    Water intrusion at balcony edges;

(13)    Buckling and delamination of balcony floor tiles;

(14)    Improper assembly and attachment of concrete balustrades;

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

(15)   Settlement under the slab at Building 3 resulting in cracking concrete and damage to the EIFS exterior envelope and balcony tile;

(16)   Failure to install required slope and provide for adequate drainage in the modified bitumen roof systems;

(17)   Flashing at bitumen roofs not properly installed;

(18)   Overflow scuppers at bitumen roof are too high;

(19)   Water intrusion into modified bitumen roof systems;

(20)   Failure to attach concrete roof tiles with two fasteners and hurricane clips as required by the Project design;

(21)   Concrete roof tiles at cut corners are not attached with mortar;

(22)   Failure to seal soffit openings in the concrete tile roof at the west stair tower;

(23)   Failure to properly anchor roof truss systems in violation of SBC 1994 § 2306;

(24)   Water intrusion through the portico roofs into the lobby walls and ceilings;

(25)   Water intrusion through lobby windows into lobby walls;

(26)   Improper application of foundation/planter waterproofing;

(27)   Water intrusion through front entrance planters into the lobby walls, garage walls and utility room walls;

(28)   Damage to exterior metal doors during construction causing corrosion prior to completion of Project resulting in excessive maintenance requirements and premature failure of the exterior metal doors;

(29)   Inappropriate exterior door hardware for geographic location of the Project;

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

(30)   Door head flashing is not installed at the building exits from garage areas;

(31)   Use of inappropriate materials/equipment for the HVAC condenser units given the geographic location of the Project;

(32)   Failure to provide the specified equipment stands and attachments in the modified bitumen roof systems;

(33)   Rooftop railing and stair systems are anchored with ferrous fasteners which have corroded;

(34)   Failure to provide rated fire wall completely around trash chutes on each floor of all buildings;

(35)   Failure to seal building penetrations with fire stopping;

(36)   Random holes in floor slabs and walls with no pipe or conduit are not filled;

(37)   Emergency egress lighting is missing at unit lobbies in violation of the NFPA;

(38)   Failure to provide emergency power for the fire protection system;

(39)   Failure to provide fire pump with specified horse power rating (100 HP);

(40)   Fire sprinkler piping at garages and attics installed with improper slope;

(41)   Failure to install fire sprinkler piping of specified thickness;

(42)   No fire sprinklers in trash chute closets; failure to attach fire sprinklers in trash cutes on the seventh floor buildings 1 and 2;

(43)   Failure to install shut-off valves in propane gas piping for each fireplace as required by the applicable building code and contract documents;

(44)   Failure to install protective tape on exterior propane gas piping;

(45)   Fireplace mantels are constructed of improper materials;

General Accident Insurance v. B&G Interiors, *et al*.
Complaint

      (46)     Inadequate ventilation at interior garages;

      (47)     No ventilation provided at electrical rooms;

      (48)     Failure to provide the specified EIFS warranties;

      (49)     Failure to provide the specified warranty for the low slope roof systems.

    37.     With respect to B&G, the Association claims that B&G breached its statutorily imposed warranties with respect to all work performed and material supplied for the construction of the metal stud framing, dens glass, insulation and drywall in Buildings 5 through 7. In particular, the Association attributes to B&G the defects and deficiencies identified in subparagraphs 3, 4 and 34 on Exhibit A to the Third Amended Complaint.

## ONEBEACON'S RESERVATIONS OF RIGHTS

    38.     OneBeacon is participating in the defense of B&G and Green for all claims asserted against them in the Civil Action subject to a complete reservation of rights. OneBeacon likewise is participating in the defense of claims against Foley subject to a complete reservation of rights.

    39.     OneBeacon brings this declaratory judgment action seeking a declaration that no coverage exists for any of the claims against Foley, B&G and Green under the Policies and that it has no obligation to further participate in the defense of, or to indemnify, the Foley Estate, B&G or Green with regard to the claims asserted in the Third Amended Complaint.

## COUNT I

### Underlying Claims Do Not Trigger Coverage Under The Policies

    40.     OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al.*
Complaint

41.     OneBeacon owes no duty to defend or indemnify the Estate, B&G, or Green for the claims asserted against them in the Civil Action because the claims do not trigger coverage under the Policies.

42.     The Policies contain the following insuring agreement:

    1.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.

        a.     This insurance applies to :

           (1)     "bodily injury" and "property damage":

              (a)     That occurs during the policy period; and

              (b)     That is caused by an "occurrence." The "occurrence" must take place within the "coverage territory."

        b.     We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

43.     The Policies define "occurrence" to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

44.     The Policies define "property damage" as follows: "a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

45.     The claims in the Civil Action do not allege "property damage" caused by an "occurrence" during the relevant policy period.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al.*
Complaint

46.     Upon information and belief, none of the property damage alleged in the Third Amended Complaint occurred until after expiration of the Policies.

47.     Accordingly, OneBeacon owes no duty to defend or indemnify the Foley Estate, B&G, or Green against the claims asserted against it in the Civil Action under any of the Policies.

48.     An actual controversy exists between the parties concerning the respective rights of the Foley Estate, B&G, and Green and OneBeacon regarding OneBeacon's obligations in connection with the claims asserted against them in the Civil Action.

49.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policies.

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against Defendants, as follows:

(1)     Declaring that there is no obligation to further defend or indemnify the Foley Estate, B&G or Green against the claims for relief asserted against them in the Civil Action;

(2)     Declaring the rights and other legal obligations of OneBeacon and the Defendants arising under the Policies;

(3)     Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II

### "Business Risk" Exclusions

50.     OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al.*
Complaint

51.     This Count is pleaded in the alternative.

52.     The Policies contain the following exclusions, which provide, in relevant part, as follows:

### 2.     Exclusions

This insurance does not apply to:

\*   \*   \*

**k.     "Property damage"** to

    **(5)**     That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

    **(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**l.     "Property damage"** to **"your product"** arising out of it or any part of it.

**m.     "Property damage"** to **"your work"** arising out of it or any part of it and included in the "products-completed operations hazard."

**n.     "Property damage"** to **"impaired property"** or property that has not been physically injured, arising out of:

    (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

53.     The Policies do not cover damage alleged in the Third Amended Complaint that was allegedly sustained to property on which B&G or Green or any contractor or subcontractor working directly or indirectly on their behalf were performing operations.  Nor do the Policies

cover damage to that particular part of any property that must be restored, repaired or replaced because B&G's or Green's work was incorrectly performed on it.

54.     The Policies do not provide coverage for property damage to B&G's or Green's product arising out of it or any part or it, nor to B&G's or Green's work arising out of it or any part of it and included in the products-completed operations hazard.

55.     The Policies do not provide coverage for property damage to impaired property or property that has not been physically injured, if the damage arose out of a defect, deficiency, inadequacy or dangerous condition in B&G's or Green's work, or a delay or failure by B&G or Green or anyone acting on their behalf to perform a contract or agreement in accordance with its terms.

56.     To the extent the property damage alleged in the Third Amended Complaint is deemed to have occurred during the relevant policy periods, all of the alleged damage would have occurred while B&G and Green were performing operations.  Moreover, all of the property damage alleged in the Civil Action consists of damage to B&G's and Green's product or work, or damage to impaired property or property that has not been physically injured, arising out of alleged defects in their work, and out of delays or failures by them to perform contracts and agreements in accordance with their terms.

57.     Accordingly, OneBeacon owes no duty to defend or indemnify the Foley Estate, B&G or Green against the claims asserted against them in the Civil Action under any of the Policies.

58.     An actual controversy exists between the parties concerning the respective rights of the Foley Estate, B&G and Green and OneBeacon regarding OneBeacon's obligations in connection with the claims asserted against them in the Civil Action.

General Accident Insurance v. B&G Interiors, *et al*.
Complaint

59.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policies.

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against Defendants, as follows:

(1)     Declaring that there is no obligation to further defend or indemnify the Foley Estate, B&G or Green against the claims for relief asserted against them in the Civil Action;

(2)     Declaring the rights and other legal obligations of the Plaintiff and the Defendants arising under the Policies;

(3)     Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III

### Contractual Liability Exclusion

60.     OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

61.     This Count is pleaded in the alternative.

62.     The Policies contain the following exclusion:

**B.     Exclusions**

1.     **Applicable to Business Liability Coverage** - This insurance does not apply to:

\* \* \*

b.     **"Bodily injury"** or **"property damage"** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement….

General Accident Insurance v. B&G Interiors, *et al.*
Complaint

63.     The Policies do not provide coverage for liabilities assumed in a contract.  Thus, the Policies do not provide coverage for breach of express or implied warranties or similar claims set forth in the Third Amended Complaint.

64.     Accordingly, OneBeacon owes no duty to defend or indemnify Foley, B&G or Green against the claims asserted against them in the Civil Action under any of the Policies.

65.     An actual controversy exists between the parties concerning the respective rights of the Foley Estate, B&G and Green and OneBeacon regarding OneBeacon's obligations in connection with the claims asserted against them in the Civil Action.

66.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policies.

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against Defendants, as follows:

> (1)     Declaring that there is no obligation to defend or indemnify the Foley Estate, B&G or Green against the claims for relief asserted against them in the Civil Action;
>
> (2)     Declaring the rights and other legal obligations of the Plaintiff and the Defendants arising under the Policies;
>
> (3)     Awarding such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV

### Expected or Intended Injury

67.     OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al*.

Complaint

68.     This Count is pleaded in the alternative.

69.     The Policies contain the following exclusion:

**B.     Exclusions**

1.     **Applicable to Business Liability Coverage** - This insurance does not apply to:

a.     **"Bodily injury"** or **"property damage"** expected or intended from the standpoint of the insured....

70.     There is no coverage under the Policies for allegations of property damage that is expected or intended from the standpoint of Foley, B&G or Green.  Thus, there is no coverage under the Policies for damage allegedly caused by alleged intentional acts, or alleged statutory and regulatory violations by Foley, B&G or Green as set forth in the Third Amended Complaint.

71.     Accordingly, OneBeacon owes no duty to defend or indemnify the Foley Estate, B&G or Green against the claims asserted against them in the Civil Action under any of the Policies.

72.     An actual controversy exists between the parties concerning the respective rights of the Foley Estate, B&G and Green and OneBeacon regarding OneBeacon's obligations in connection with the claims asserted against them in the Civil Action.

73.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policies.

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against Defendants, as follows:

(1)     Declaring that there is no obligation to defend or indemnify the Foley Estate, B&G or Green against the claims for relief asserted against them in the Civil Action;

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

    (2)    Declaring the rights and other legal obligations of the Plaintiff and the Defendants arising under the Policies;

    (3)    Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V

### Late Notice

74.    OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

75.    This Count is pleaded in the alternative.

76.    The Policies contain the following Condition:

**E.**    **Liability and Medical Expenses General Conditions**

**2.**    **Duties in the Event of Occurrence, Claim or Suit**

a.    You must see to it that we are notified promptly of an **"occurrence"** that may result in a claim. Notice should include:

    (1)    How, when and where the **"occurrence"** took place; and

    (2)    The names and addresses of any injured persons and witnesses.

b.    If a claim is made or **"suit"** is brought against any insured, you must see to it that we receive prompt written notice of the claim or **"suit"**.

c.    You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **"suit"**;

    (2)    Authorize us to obtain records and other information;

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al*.
Complaint

       (3)     Cooperate with us in the investigation, settlement or defense of the claim or **"suit"**; and

       (4)     Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply

77.    The Civil Action was commenced on January 19, 2006. OneBeacon did not receive notice of the Civil Action until August 4, 2009.

78.    OneBeacon did not receive prompt notice of the alleged occurrence giving rise to the claims set forth in the Civil Action, nor did OneBeacon receive prompt written notice of the claim or suit filed in connection with the Civil Action. Moreover, OneBeacon was not immediately sent copies of all demands, notices, summonses or legal papers received by the Foley Estate, B&G and/or Green in connection with the Civil Action.

79.    The failure of the Foley Estate, B&G and/or Green to provide timely notice to OneBeacon has prejudiced OneBeacon's ability to defend the claims asserted in the Civil Action.

80.    By way of example only, OneBeacon did not receive notice of the Civil Action until after the deadline for expert disclosures had passed, preventing OneBeacon from retaining an expert on behalf of B&G and Green.

81.    Accordingly, OneBeacon owes no duty to defend or indemnify the Foley Estate, B&G or Green against the claims asserted against them in the Civil Action under any of the Policies.

82.    An actual controversy exists between the parties concerning the respective rights of the Foley Estate, B&G and Green and OneBeacon regarding OneBeacon's obligations in connection with the claims asserted against them in the Civil Action.

83.    By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Policies.

COZEN O 'CONNOR
200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against Defendants, as follows:

    (1)    Declaring that there is no obligation to defend or indemnify the Foley Estate, B&G or Green against the claims for relief asserted against them in the Civil Action;

    (2)    Declaring the rights and other legal obligations of the Plaintiff and the Defendants arising under the Policies;

    (3)    Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI

### The Estate Has No Interest in the Outcome of the Civil Action

84.    OneBeacon repeats the allegations of Paragraphs 1 through 39 as though fully set forth herein.

85.    Pursuant to the lift-stay Order in the Foley Bankruptcy Case, the Association's Civil Action seeks recovery solely from available insurance proceeds.

86.    Further pursuant to the lift-stay Order in the Foley Bankruptcy Case, the Association's Civil Action does not and cannot seek imposition of *in personam* liability against Foley and/or the Foley Estate.

87.    In 2004, the Association asserted a Proof of Claim against Foley and the Foley Estate for amounts allegedly due to the Association that would exceed any amounts recoverable from Foley's liability insurance.

88.    On June 13, 2008, the Association and the Trustee executed a stipulation resolving the Association's Proof of Claim and allowing it in the amount of $3.5 million (the "Stipulation," copy attached as Exhibit D). The Stipulation provides that the Association "shall

have no other claim in this bankruptcy case." The Stipulation further preserves the Association's ability to pursue its claims against Foley in the Civil Action "to the extent of any available insurance." Pursuant to the Stipulation, the Association was allowed a claim against the Foley Estate in the amount of $3.5 million and participated ratably in the distribution of the assets of the Foley Estate to unsecured creditors.

89.    Because the Association can only pursue its claims in the Civil Action to the extent of available insurance and its purported excess claim against the Foley Estate has already been allowed and paid, the Association cannot assert any additional claim against the Foley Estate irrespective of the ultimate outcome of the Civil Action.

90.    Accordingly, the Foley Estate has no interest in, and cannot be affected by, the ultimate outcome of the Civil Action.

WHEREFORE, OneBeacon respectfully requests judgment in its favor and against the Foley Estate declaring that the Foley Estate has no interest in, and cannot be affected by, the ultimate outcome of the Civil Action.


### PRAYER FOR RELIEF

OneBeacon prays for judgment in its favor and a declaration that:

1.    OneBeacon is not obligated to further defend or indemnify the Foley Estate, B&G or Green for the claims asserted against them in the Civil Action because the claims do not trigger coverage under the OneBeacon policies at issue.

2.    OneBeacon is not obligated to further defend or indemnify the Foley Estate, B&G or Green for the claims asserted against them in the Civil Action because the claims are excluded from coverage by the "business risks" exclusions contained in the OneBeacon policies at issue.

21

COZEN O 'CONNOR

200 SOUTH BISCAYNE BOULEVARD, SUITE 4410, MIAMI, FLORIDA 33131-4332 TELEPHONE (305) 305-704-5940, FACSIMILE (305) 704-5955

General Accident Insurance v. B&G Interiors, *et al*.
Complaint

3.      OneBeacon is not obligated to further defend or indemnify the Foley Estate, B&G or Green for the claims asserted against them in the Civil Action because the claims are excluded from coverage by the contractual liability exclusions contained in the OneBeacon policies at issue.

4.      OneBeacon is not obligated to further defend or indemnify the Foley Estate, B&G or Green for the claims asserted against them in the Civil Action because the claims are excluded from coverage by the expected or intended injury exclusions contained in the OneBeacon policies at issue.

5.      OneBeacon is not obligated to further defend or indemnify the Foley Estate, B&G or Green for the claims asserted against them in the Civil Action because OneBeacon did not receive prompt notice of the occurrence and/or claims at issue in the Civil Action.

6.      The Foley Estate has no interest in, and cannot be affected by, the ultimate outcome of the Civil Action.

Respectfully submitted,

By: */s/ Anaysa Gallardo*
        Anaysa Gallardo (FBN 0707635)
        Cozen O'Connor
        Wachovia Financial Center, Suite 4410
        200 South Biscayne Boulevard
        Miami, Florida 33131-4332
        Telephone:  (305) 704-5940
        Facsimile:  (305) 704-5955

        -and-

        Jacob C. Cohn
        (*Pro Hac Vice* motion to be filed*)*
        Matthew J. Siegel
        (*Pro Hac Vice* motion to be filed*)*
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, Pennsylvania 19103

        *Attorneys for Plaintiff*